STAPLEY, APPELLANT, *v.* MAXWELL, WARDEN, APPELLEE.

(No. 41357—Decided May 29, 1968.)

*Mr. Richard A. Stapley, in propria persona.*
*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for appellee.

250

*Per Curiam.* This cause is here on appeal from a judgment of the Court of Appeals denying appellant's petition for a writ of habeas corpus in a case originating in that court.

In July 1960, appellant entered a plea of guilty to a charge of grand larceny and was sentenced to serve a term of one to seven years. In June 1962, he was paroled after serving 23 months of his sentence. In January 1963, he was convicted of carrying a concealed weapon. On February 1, 1963 he was declared to be a parole violator with respect to his sentence for grand larceny. The appellant served the maximum three-year sentence on the concealed weapon conviction, and in January 1966 he was turned over to serve the remainder of his grand larceny sentence. He was again paroled in April 1966, but was declared a parole violator three months later in July 1966. He was returned to the Ohio Penitentiary in December 1966. The Pardon and Parole Commission assessed the appellant three years and 11 months and determined that his maximum sentence would expire in November, 1970.

The only contention made by appellant in the Court of Appeals was that his maximum sentence on the grand larceny charge has expired. This argument is without merit. This court has held that the time served on other sentences and the time during which a parolee has been declared a parole violator and is at large cannot be credited to his sentence. *King* v. *Maxwell,* 173 Ohio St. 536; *Bush* v. *Maxwell,* 175 Ohio St. 207.

The appellant has also attacked the authority of the Pardon and Parole Commission to determine the expiration date of his maximum sentence, and in declaring him a parole violator. This question was not raised in the Court of Appeals and is not properly before this court.

*Judgment affirmed.*

Taft, C. J., Zimmerman, Matthias, O'Neill, Herbert, Schneider and Brown, JJ., concur.